## CENTER *v.* McKINEY.

Numerous exceptions of law and fact were filed to the auditor's report. Some of them are referred to by grouping them together in the brief of counsel for plaintiff in error. This court has carefully considered all those insisted upon in the briefs, and the grounds of exception taken to the judge's rulings; and no error appears in them which requires a reversal.

Submitted June 19, 1907.—Decided February 22, 1908.

Exceptions to auditor's report. Before Judge Gober. Fannin superior court. May 31, 1908.

*R. R. Arnold, O. R. DuPree,* and *T. A. Brown,* for plaintiff.

*J. Z. Foster, A. S. J. Hall,* and *W. S. Butt,* for defendant.

LUMPKIN, J. Several controversies between former partners, Center and McKiney, were referred to an auditor. To his report numerous exceptions both of law and fact were filed. The exceptions of law were overruled and the exceptions of fact were disapproved, and a decree was entered in accordance with the report.

To this Center excepted. It would be profitless to take up each
of the exceptions and deal with it separately. It would involve
a protracted discussion, of details, and the application of the pe-
culiar facts of the case to the several points made. One conten-
tion urged in the briefs is, that the case was one at common law
and not of an equitable nature, and that the exceptions of fact
should have been referred to a jury. The question is not dis-
tinctly raised by the assignment of. error in the bill of exceptions.
It is there asserted, that "The presiding judge should have sus-
tained each and every one of the several exceptions of law and
fact hereinbefore referred to, to wit: he should have sustained
each and every one of the seven exceptions of law filed June 30,
1905, referring to the first report, and should have sustained and
approved each and every one of the eight exceptions of fact filed
June 30, 1906, referring to the said first report; and likewise he
should have sustained each and every one of the four exceptions
of law filed to the supplemental or amended report of September
15, 1905, and should have sustained and approved each and every
one of the five exceptions of fact to said supplemental report filed
as aforesaid, all of which exceptions of law and fact were filed to
said supplemental report by the said W. T. Center on the second
day of October, 1905; and the plaintiff in error further specifies
as error that the said judge should not have rendered judgment in
favor of said defendant, McKiney, for the said sum of $1,867.96
or for any other sum, but on the contrary should not have disap-
proved·said several exceptions of fact, and should not have over-
ruled the said several exceptions of law, and should have rendered
judgment for the plaintiff as prayed for in his pleadings which
were of record in said case."

It will be seen from this quotation that no error is assigned on
the ground that the case was one at common law, or that it was
not proper for the court to approve or disapprove the exceptions
of fact as in an equitable action. On the contrary, the exception
is that the judge should not have overruled the exceptions of law
and should not have disapproved the exceptions of fact, but should
have approved them, and should have rendered judgment for the
plaintiff. - If the errors assigned were that the judge could not
deal with the questions of fact, but should have sent. them to a
jury, he could no more have rendered judgment for the plaintiff

than for the defendant. Nor at common law would the proce-
dure of approving or disapproving exceptions of fact apply. This
illustrates the statement above, that an elaborate discussion of each
of the rulings would not be beneficial. Indeed, the brief of counsel
for plaintiff in error does not enter into a specific discussion of each
exception, but presents only a few general points of discussion.
Upon an examination of the record, we have discovered no reason
which would require a reversal.

*Judgment affirmed. All the Justices concur, except Holden, J.,
who did not preside.*